763 So.2d 535 (2000)
George Willie JAMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1382.
District Court of Appeal of Florida, Third District.
July 26, 2000.
George Willie James, in proper person.
Robert A. Butterworth, Attorney General and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before JORGENSON and GREEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
This is an appeal from the denial of the appellant's motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, wherein the appellant challenged his 48-month sentence for aggravated battery, aggravated stalking, carrying a concealed firearm, battery, threatening to throw a destructive device, and possession of a firearm by a convicted felon. The appellant, George Willie James, sentenced under the 1995 sentencing guidelines, now challenges his sentence based upon the Florida Supreme Court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000). The appellant contends that the trial court erred in sentencing him under the 1995 sentencing guidelines instead of the 1994 guidelines. The State concedes this point. Under the 1994 guidelines, the appellant would have received a minimum of 39.3 months and a *536 maximum score of 65.5 months in state prison. Here, the appellant agreed to plead guilty to his charges receiving a 48-month sentence, where the minimum sentence under the 1995 guidelines would have been 70.5 months. Nevertheless, the State argues that the appellant's 48-month sentence is well within the 1994 sentencing guidelines range.
In Heggs, the court held that Chapter 95-184, Laws of Florida, violated the single subject rule contained in article III, section 6, Florida Constitution. The Florida Supreme Court stated that "if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief." Here, the appellant's sentence of 48-months was clearly within the 1994 sentencing guidelines and the sentence could have been imposed without departure of such guidelines. Therefore, although the Heggs court did find that the 1995 sentencing guidelines were unconstitutional, we affirm the defendant's sentence finding that the appellant's challenge to his sentence, based on Heggs, lacks merit.
Affirmed.