PER CURIAM.
Defendant appeals from the denial of his motion to correct an illegal sentence. We affirm.
Defendant was sentenced pursuant to a negotiated plea agreement for acts committed on July 28, 1996. The trial court sentenced him pursuant to the 1995 guidelines, which have been declared invalid by the Florida Supreme Court. See Heggs v. State, 759 So.2d 620 (Fla.2000). Although the date of the offense falls within the window period announced in Heggs, the sentence imposed is not automatically unlawful. “ ‘[I]f a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief.’ ” James v. State, 763 So.2d 535 (Fla. 3d DCA 2000) (quoting Heggs, 759 So.2d at 627). See also Glenn v. State, 764 So.2d 850 (Fla. 3d DCA 2000).
Although defendant’s plea was entered pursuant to the 1995 guidelines, the sentence imposed fell within the 1994 guide *228 lines, with no departure; his challenge to that sentence is therefore without merit.
AFFIRMED.